Crew, J.
At the April term, 1906, of the court of common pleas of Allen county, the plaintiff in error, Harry G. Hammond, was indicted for engaging, with others, in a conspiracy against trade, contrary to .the provisions of Sections 4427-1 to 4427-12, Revised Statutes, inclusive. He was tried upon said indictment, was found guilty, and adjudged by the court to pay a fine of five hundred dollars and the costs of prosecution, and to stand committed until said fine and costs were paid. This judgment was affirmed by the circuit court. On the trial of said indictment in the court of common pleas the state, to maintain the issue on its part, was permitted by the court, over the objection of counsel for the accused, to propound to divers witnesses the following question: “You may state whether or not you have the means of knowing the general reputation of The Canton Bridge Company, as to whether or not The Canton Bridge Company together with other bridge companies and persons doing business in Allen county, Ohio, have been organized in a trust for the purpose of dealing in highway bridges and bridge materials and preventing competition in the sale of highway bridges and bridge material from the first day of January, 1904, to the 25th day of May, 1906.” To this interrogatory the several witnesses each answered in substance, that there was reputed to be such combination or trust. The' foregoing question was put by counsel and permitted by the court, under *19 favor, and because of, thé provisions of Section 4427-6, Revised Statutes, which reads as follows: “In prosecutions under this act, it shall be suffi-j cient to prove that a trust or combination, as\ defined herein, exists, and that the defendant belonged to it, or acted for or in connection with it, without proving all the members belonging to it, or proving or producing any article of agreement,! or any written instrument on which it may have] been based; or that it was evidenced by any written; instrument at all. The character of the trust or] combination alleged may be established by proof; of its general reputation as such.” While many1 of the provisions of the so-called Valentine antitrust law have heretofore been reviewed and passed upon by this court, there is presented to us in this case for the first time, the question of whether or not the last paragraph of the above Section 4427-6, whereby it is provided that, “The character of the trust or combination alleged may be established by proof of its general reputation as such,” is a valid and constitutional provision. After careful consideration of this question, we are of opinion that it must be answered in the negative. It may be conceded that within proper constitutional limits, the legislature has the general power to prescribe rules of evidence and methods of proof — to determine what may or may not be competent evidence in a particular case — and, with certain qualifications, has perhaps the power to enact and prescribe that in criminal prosecutions certain facts, when duly established, shall be held to be presumptive or prima facie evidence of guilt. But this power is not without its limitations, one of which is, that the legislature may not arbitrarily *20 create a conclusive presumption of guilt against the accused, as to any element of the crime charged, by giving artificial and evidential force and effect to certain facts which otherwise would be wholly irrelevant and inconclusive. It has well been said, that presumptions of law — at the best uncertain instruments in the investigation and discovery of truth — are especially dangerous in the administration of criminal justice when used to control or impair the natural fundamental presumption of innocence, their effect being, to give' to evidence a technical probative force beyond that which it would naturally and ordinarily possess in producing conviction in the minds of the jury. It is said in State v. Beswick, 13 R. I., 219: “In-i deed, to hold that a legislature can create artificial presumptions of guilt from facts which are not! only consistent with innocence, but which are not even a constituent part of the crime when com- j'í mitted, is to hold that it has the power to take. ¡¡, away from a judicial trial, or at least substantially reduce in it, the very element which makes it judicial. To hold so is to hold that the legislature has power to bind and circumscribe the judgments of courts and juries in matters of fact,.and in an important measure to pre-determine their decisions and verdicts for them.” The provision of the statute under consideration in the present case, does not, it will be observed, provide merely that a presumption or inference shall arise, or may be drawn, from proof of the general reputation of the unlawful or criminal character of the alleged trust or combination. But it enacts in express terms, that its unlawful and criminal character may be established by proof of its general reputa *21 tion. Thus the statute in terms makes proof of the general reputation of the trust or combination, not only competent evidence against the accused, but sufficient and conclusive evidence of the unlawful and criminal character of the combination to which he may belong. This in effect is to deprive the accused of the protection of the cardinal presumption that every person is to be presumed innocent until he is legally proven guilty, a presumption which attends the acchsed throughout his trial, and has reference and relation to every fact that must be established in order to prove his guilt beyond a reasonable doubt. If the general assembly, in order to make conviction easier under this act, can rightfully provide that one of the essential and constituent elements of the crime charged, viz.* the unlawful character of the trust or combination, may be shown and made certain, by proof of common rumor, or general reputation, and the guilt of the accused be thus established, it is difficult to see why it may not, with equal right, provide that murder, arson, or any other crime, may be thus established by proof that the person accused thereof is generally reputed to be the person who committed the same; a proposition at once so obnoxious and repugnant to the plainest principles of reason and justice, that none would yield assent to it. It is a matter of common and universal knowledge that bad reputation may,- and often times does, originate in malice, from mistake, or irresponsible rumor, and once suggested or set going, the rapidity with which such a reputation gathers vigor and volume is proverbial. Hence, as is very fittingly and appropriately said by Durfee, C. J., in State v. Kartz, 13 R. I., 531: *22 “To introduce into the law the principle that a person can be punished for what other people say about him, is to render all the constitutional safeguards of life, liberty and property unavailing for his protection; for it is impossible to say to what purposes so pernicious a principle may not be applied if it is once permitted to take root.” To concede to the legislature the power to provide, in prosecutions under the act here in question, that the unlawful character of the combination to which the defendant belongs, may be established — that is, made certain — by proof of its general reputation as such, is to grant that the legislature has power to, and may, in a criminal case, prescribe a rule of conclusive evidence as to a vital and controlling fact, that shall be binding alike upon court and jury. This the general assembly may not do. In the present case we are of opinion that the last paragraph of Section 4427-6, whereby it is provided that, “The character of the trust or combination alleged may be established by proof of its -, general reputation as such,” is invalid, in that it not only permits the conviction of a defendant upon purely hearsay evidence, but it in effect de- , prives him of the benefit of the presumption of: innocence, as to a vital and essential fact which the state is bound to affirmatively establish by competent evidence, by substituting for proof of such fact — proof merely of general reputation as to its existence. This, we think, is not “due process of law,” but is violative of Section 1, Article XIV, of the constitution of the United . States, which provides that: “No state shall make I or enforce any law which shall abridge the privileges or immunities of citizens of the United *23 States; nor shall any state deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.” It follows that the judgment of conviction in this case should be set aside and the case remanded to the court of •common pleas for a new trial. Inasmuch as the case must go back for retrial, it is perhaps proper that we should state, in view of the doubtful character of certain evidence admitted by the court of common pleas, other than that above referred to, that the rule is, that the acts and declarations of a conspirator in the absence of an alleged co-conspirator, can be given in evidence against the latter only after the fact of conspiracy has been established; and until the conspiracy is shown by other and independent evidence the acts and declarations of an alleged co-conspirator are inadmissible to establish the connection with such conspiracy of one charged as a co-conspirator.

Judgment reversed.

Shauck, C. J., Price, Summers, Spear and Davis, JJ., concur.